```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID T. SHULICK | : | NO. 16-428 |

## MEMORANDUM

Bartle, J.                                         October 19, 2018

Before the court is the motion of defendant David T. Shulick, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143, for release on bail pending appeal.[1]

Shulick, a practicing lawyer, was found guilty by a jury on all seven counts with which he was charged: one count of conspiracy with Chaka Fattah, Jr., charged elsewhere, to embezzle from a program of the School District of Philadelphia receiving federal funds (18 U.S.C. § 371); one count of embezzlement from a program of the School District of Philadelphia receiving federal funds (18 U.S.C. § 666(a)(1)(A)); one count of bank fraud (18 U.S.C. § 1344); one count of making a false statement to a bank (18 U.S.C. § 1014); and three counts of filing false tax returns (26 U.S.C. § 7206(1)). The evidence against the defendant was overwhelming on all counts.

---

1. We note that the defendant did not file a separate motion for release on bail pending appeal. His sole filing was captioned "Memorandum of Law in Support of Motion for Release Pending Appeal."

The two charged offenses involving the School District of Philadelphia concerned defendant's illegal actions as sole shareholder of Delaware Valley High School Management Corporation (DVHS) and President of Unique Educational Experiences, Inc. (Shulick), a wholly owned subsidiary of DVHS. Shulick contracted with the School District which paid him to provide educational services to the at-risk students enrolled at the Southwest School.[2] Shulick and Fattah Jr., an employee of DVHS and UEE, misrepresented to the School District of Philadelphia the educational services that would be provided to the students at Southwest School and the true costs of those services, in part by submitting false budgets to the School District of Philadelphia as part of the contracts. Shulick and Fattah Jr. used educational funds to enrich themselves and improperly advance their personal and business interests.

Shulick, acting as Fattah Jr.'s attorney, also participated in a scheme to defraud PNC Bank by falsely representing to the Bank that Fattah Jr. had little income and could not repay a $17,693 loan balance. Shulick sought to

---

2. The contract identifies the parties as the School District of Philadelphia and Unique Educational Experiences Inc. (UEE), doing business as Delaware Valley High School. (Govt. Ex 159, p. 1). Defendant Shulick was the sole shareholder of DVHS and President of UEE, a wholly owned subsidiary of DVHS. The evidence demonstrates that for present purposes Shulick and UEE are synonymous. We therefore refer to the party as Shulick in this Memorandum.

settle the loan for $2,500 and advised the Bank that if the loan was not resolved Fattah Jr. may file for bankruptcy. At the time, Shulick knew that Fattah Jr. made an annual $75,000 salary from Shulick's companies.

Additionally, Shulick, an accounting major in college, filed false income tax returns for the calendar years 2009, 2010, and 2011. He took as business deductions what were clearly personal expenses for his residence.

On October 3, 2018, the court sentenced Shulick to four concurrent 60-month terms of imprisonment on each of the conspiracy, embezzlement, bank fraud and false statement charges, and consecutive 20-month terms of imprisonment on the three tax charges, to run concurrently with the four concurrent 60-month terms of imprisonment. His aggregate sentence totaled 60 months. Shulick is scheduled to self-surrender on October 24, 2018. On October 12, 2018, Shulick filed this pending motion for bail pending appeal with supporting memorandum.

The Bail Reform Act provides that the court must detain pending appeal a defendant who has been found guilty and sentenced unless that defendant proves: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) that his or her "appeal is not for the purpose of delay and raises a substantial question of law or

fact likely to result in -- (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." See § 3143(b).

Our Court of Appeals has explained that under § 3143(b) there is a presumption against bail pending appeal. To overcome the presumption, the defendant must establish:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.[3]

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985). The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of

---

3. In addition, with regard to the fourth inquiry, the court considers whether the defendant has proven that a substantial question determined favorably to him would likely result in a sentence that does not involve imprisonment or a reduced sentence less than the duration of the appeal. This factor does not apply here.

-4-

exceptional circumstances." See id. at 22 (quoting H.R. Rep. No. 91-907, at 186-87 (1970)).

We find that Shulick has established by clear and convincing evidence that he is not likely to flee or pose a danger to any person or the community. Further, we do not view his appeal as being filed for purposes of delay.

Section 3143(b) also requires the court to determine whether any questions to be raised on appeal are substantial. To be substantial, our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful." See United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986). The absence of controlling precedent is not itself enough to meet this test. See id. A question is substantial if the defendant can demonstrate that it is "fairly debatable" or is "debatable among jurists of reason." See id. at 89 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); United States v. Handy, 761 F.2d 1279, 1281-82 (9th Cir. 1985). A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous." See Smith, 793 F.2d at 89 (quoting Handy, 761 F.2d at 1282 n.2). Whether a question is substantial should be made on a case-by-case basis. Id. (quoting Handy, 761 F.2d at 1281-82).

Shulick identifies what he deems to be three substantial questions under § 3143(b):

> (1) Whether the court erred by denying the motion to dismiss for violation of Mr. Shulick's rights to a speedy trial, and to due process and the effective assistance of counsel;
>
> (2) Whether the court erred in holding that the budget controlled the loss calculation for sentencing; and
>
> (3) Whether the court erred in 1) sua sponte striking testimony in the record regarding an essential element of 18 U.S.C. §666 – i.e. whether DVHS was an agent of the SDP; 2) instructing defense counsel that she could not make the argument in her closing; and 3) redacting the agency provisions from govt. ex. 159, which provisions had been read and admitted into evidence.

We will address each contention in turn.

First, Shulick contends his right to a speedy trial was violated as a result of the Government's delay in producing electronic discovery. The court held an evidentiary hearing, heard argument, and thereafter denied his motion to dismiss the indictment. The court explained its decision in a 36-page memorandum dated November 14, 2017 (Doc. # 93) and provided an analysis of all relevant factors to be considered. While the court found that the Government had clearly been negligent in failing to produce some discovery in a timely manner, the court also made a factual determination that the Government did not

act in bad faith or deliberately attempt to delay the trial or to impede the defendant by withholding the information. Furthermore, the court found that there was no evidence that defendant had been prejudiced or would be prejudiced in beginning the trial in April 2018.[4]  The court followed settled Supreme Court and Third Circuit precedents in deciding against the defendant.  The speedy trial and related issues do not present substantial or fairly debatable questions.  They are not novel, ungoverned by controlling precedent or fairly doubtful. See Smith, 793 F.2d at 88; Miller, 713 F.2d at 23.

Shulick raises a second issue challenging the court's calculation under § 2B1.1 of the Sentencing Guidelines of the fraud loss of $759,735 suffered by the School District of Philadelphia on its contracts with Shulick.  Under these contracts defendant was paid and was required to spend a total of $1,512,500 at the Southwest School for salaries for teachers, a director, an administrative assistant, counsellors, and security as well as for their benefits.  The School District fully expected that the money it paid to defendant would be spent in accordance with the budgeted amounts set forth in the contracts.  Instead, defendant spent only $752,760, for a

---

4.  The trial began with jury selection on April 16, 2018.  The jury returned its verdict on May 9, 2018.  On March 12, 2018, the court granted defendant's request for a one week delay in the trial date.

difference of $759,735 on these budgeted items.  Defendant hired fewer teachers at lower salaries than required, paid significantly lower benefits, hired no counsellors whatsoever, and provided less security for the at-risk students in his charge.

To calculate the fraud loss, the court followed precedents of the Court of Appeals for the Third Circuit.  The court started with $1,512,500, the face value the School District paid under the contracts for the budgeted items identified above and subtracted $752,760, the lesser value received by the School District for these items as a result of defendant's fraud.  The difference of $759,735 was the loss.  The School District did not receive the benefit of its bargain to the extent that Shulick short-changed it and the at-risk students he was supposed to educate.  The court's unremarkable calculation is in accord with United States v. Nagle, 803 F.3d 167 (3d Cir. 2015) and United States v. Nagle, 664 Fed App'x 212 (3d Cir. 2016) and does not raise a substantial question, that is one which is ungoverned by controlling precedent or which is fairly debatable.

Finally, Shulick argues that there is a substantial question for appeal concerning the court's decision to redact a provision in the contracts between SDP and Shulick that related to the agency relationship between the parties.  In addition,

Shulick contests the court's striking of certain testimony and preventing defense counsel from referencing in closing argument the agency provision as set forth in the contracts. The contract provision at issue, entitled "No Partnership or Agency," states:

> Anything in this Contract to the contrary notwithstanding, included but not limited to any references in Exhibits "A," "B," or "D" to a purported "partnership" or "partner" relationship, the Parties do not intend to create, and nothing contained in this contract shall be construed as creating, a joint venture or partnership between the School District and the Contractor with respect to the Work. <u>Neither the Contractor for the School District shall have any power to bind the other Party in any manner whatsoever to any third party. The Contractor [Shulick] does not function as an agent of the School District in its dealings with any third party</u>.

[Emphasis added.] (Govt. Ex 159, p. 115, ¶24g). Shulick was convicted under 18 U.S.C. § 666(a)(1)(A), of embezzlement from a program of the School District receiving federal funds. In order to be convicted of stealing or embezzling funds from a program receiving federal funds, the defendant must have been "an agent of an organization, or of a State, local, or Indian tribal government, or any agency" that received those funds. The statute further defines an "agent" as

> a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a

-9-

>           partner, director, officer, manager, and
>           representative.

18 U.S.C. § 666(d)(1).

Defense counsel wanted to argue to the jury that no agency relationship existed between Shulick and the School District because of the contract language cited above and therefore, Shulick was not guilty under 18 U.S.C. §666(a)(1)(A). The key contract language that the court kept from the jury provides that the contractor, that is Shulick, "does not function as an agent of the School District in its dealings with Third Parties." The contract language simply prevents Shulick from acting as an agent of the School District when dealing with third parties. Thus, for example, if Shulick purchased items such as pencils from a third party vendor for use at the Southwest School, the School District was not on the hook as the principal of defendant. The contract language has no application to the relationship between the School District and Shulick when it comes to the misuse of funds paid to him for the education of students at the Southwest School.

It would have been completely misleading, if not deceptive, for defense counsel to argue to the jury that no agency relationship existed between Shulick and the School District under § 666(a) based on that contract language in issue. It would also have been improper for the jury to

consider this irrelevant contract language in their determination of the existence of an agency relationship. Again, there is no substantial or fairly debatable issue presented here.

Pursuant to the fourth Miller factor, the court must determine if a substantial question decided favorably to the defendant is "likely to result in" reversal, a new trial, or a reduced sentence on all counts. See § 3143(b)(1)(B); Miller, 753 F.2d at 24. Although these words appear to require the court to predict the likely result of the appeal, our Court of Appeals has cautioned that "federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." See Miller, 753 F.2d at 23. Thus, to grant bail pending appeal, any substantial question, as noted above, must affect the entire action, not just a part of it. The question must be "so integral to the entire case against defendants that an appellate decision" to the contrary "is likely to require reversal or a new trial of all counts on which defendants have been sentenced to imprisonment." See id. at 24 (emphasis added). If the substantial question or questions are not related to all counts, "the statutory criteria for bail

pending appeal would not be met as to the unaffected counts, and bail may be denied." See id.

Even if the court rulings on the fraud loss and the agency issues are substantial or fairly debatable, Shulick cannot prevail on his motion to remain free on bail pending appeal on account of these rulings because these rulings do not relate to all counts of conviction. The fraud loss and agency issues concern only the count of conspiracy to embezzle and the count of embezzlement from the School District and not to the counts charging fraud on and false statements to PNC bank or to the three counts of filing false tax returns.

In any event, even if the conspiracy and embezzlement convictions and the bank fraud and false statements to a bank convictions are deemed to be interrelated because they are grouped together under the Advisory Sentence Guidelines, the tax counts are grouped separately and the issues of fraud loss and agency clearly have nothing to do with these convictions.

The court imposed a separate sentence of 60 months for bank fraud and a separate sentence of 60 months for making a false statement to a bank. It also sentenced Shulick to 20 months on each of the three tax counts, to run consecutively to each other but concurrently with the sentences on the non-tax counts. The tax counts standing alone result in a 60-month sentence even if the convictions on the other counts are

reversed. Except for the speedy trial issue, the grounds advanced in support of the motion for bail pending appeal considered either separately or together do not affect all counts. Thus, defendant's arguments related to the fraud loss and agency issues are without merit and irrelevant as to this motion.

The major reason for the Bail Reform Act, it must be remembered, was to create a presumption against bail pending appeal. Shulick would turn the presumption on its head. Based on his reasoning, any time a defendant raises an issue which is complex or not patently frivolous a defendant would be entitled to bail. If defendants convicted of white collar crimes are released as a matter of course pending appeal, the deterrent effect of expeditious sentencing is undermined.

In sum, Shulick has not met his burden to overcome the presumption against release on bail pending appeal as required by the Bail Reform Act. Accordingly, his motion for release on bail pending appeal will be denied.