IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 16-428 |
| | : | |
| DAVID T. SHULICK | | |

## GOVERNMENT'S MOTION TO SUPPLEMENT RECORD

At the sentencing hearing in he above-captioned matter, defendant's expert witness, Frederick Hamilton, relied on a binder full of materials that, in his view, supported his opinion. Hamilton expressly referred to the materials during questioning by both parties and by the Court. The government, for its part, cross-examined Hamilton extensively about the materials in the binder. As a result of Hamilton's use of the materials during the sentencing hearing and the extensive questioning about the materials, they are part of the record on appeal. However, because defendant has recently suggested a view to the contrary, the government respectfully requests that the court formally supplement the record to include the binder of materials used at the sentencing hearing by Hamilton.

Fed. R. App. 10(e) provides that the district court may grant a motion to supplement the record where "anything material to either party is omitted from or misstated in the record by error or accident." Although Rule 10(e) does not "permit a district court to supplement the record with evidence outside of its proceedings," it does "provide a mechanism for ensuring that the record reflects accurately what transpired

1

in the district court." United States v. Guibilo, Crim. A. No. 04-558, 2009 WL 1209261, at *1 (D.N.J. May 4, 2009); see also United States v. Weisinger, Crim. A. No. 86-379, 1987 WL 26621, at *1 (E.D.Pa. Dec. 1, 1987) (granting motion to supplement the trial record with two sidebar discussions which were not transcribed). In Mercer v. Allegheny Ludlum Corp., 135 F.R.D. 115, 116 (W.D.Pa. 1990), the court granted the parties' motion to supplement the appellate record with a series of letters that had not been entered into the district court record. The court reasoned that "[w]hile the documents the defendants seek to make part of the record were not read verbatim at argument, nevertheless, they were alluded to and were considered by the Court" in making its ruling. See id. The same is true in this case. Although the binder of materials used by Hamilton at sentencing was not formally marked as an exhibit, it was reviewed at length by the parties during the hearing and considered by the court in making its ruling.

To the extent that the binder of materials was not formally entered into the record, that was merely an oversight which can be remedied under Fed. R. App. 10(e).[1]

>Respectfully submitted,
>
>WILLIAM M. MCSWAIN
>United States Attorney
>
>
>*/s/ Michael T. Donovan*
>MICHAEL T. DONOVAN
>CHRISTOPHER J. MANNION
>Assistant United States Attorneys

Dated: October 29, 2018

---

[1] Where relief is denied under Fed. R. App. 10(e), the reason is typically that the party seeking relief is attempting to present evidence that had not previously been considered by the district court in making its ruling. See, e.g., Burton v. Teleflex, Inc., 707 F.3d 417, 436 (3d Cir. 2013) (denying motion to supplement the record with an affidavit by plaintiff's lawyer and a series of emails because they had not been presented to the district court). The present case is distinguishable because the binder of materials was presented at the sentencing, used by the witness, referenced at length by the parties and considered by the court.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served by electronic filing on the Court's Electronic Case Filing system on:

Hope Lefeber, Esquire at: hope@hopelefeber.com

*Attorney for defendant David Shulick*

    */s/ Michael T. Donovan*
Michael T. Donovan
Assistant United States Attorney

Dated: October 29, 2018