# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**          :
                                       :
**v.**                                 :   **CRIMINAL NO. 16-428**
                                       :
**DAVID T. SHULICK**

## GOVERNMENT'S MOTION TO COMPEL

On September 26, 2018, the court ordered Frederick Hamilton, an expert witness retained by defendant David Shulick, to provide the government with a copy of the binder of materials that he referenced during his testimony. On October 19, 2018, having not received a copy of the materials, the government requested by letter that the court direct defendant to comply with the court's September 26, 2018 order. Defense counsel's response to the government's letter request confirms that the defense team's failure to produce the materials was not inadvertent—defendant and his lawyer have apparently decided simply to ignore the court's order. They have done so without seeking reconsideration of the court's order or even so much as notifying the court and the government that they did not intend to comply. The court should not countenance such egregious behavior.

It is axiomatic that a party to a litigation may not unilaterally ignore an order of the court. If defendant (or Hamilton) believed that the court's order was erroneous or jurisdictionally deficient, he should have, at minimum, sought reconsideration of that order. The deadline for such a motion expired on October 10, 2018. Loc. R. Crim.

P. 1.2 (adopting Loc. R. Civ. P. 7.1(g)). Having failed to seek reconsideration or appellate review, the arguments he sets forth in his letter are waived.

The arguments that defendant sets forth in his letter are, in any event, meritless and do not support his contention that he is entitled to ignore the court's order.

Defendant first argues that the fact that the government did not formally mark the materials as exhibits at the hearing allows him to disregard the court's order to produce the documents. Defendant's argument is wrong. The government questioned the defense expert at length about the materials in the binder and referenced those materials repeatedly. And the expert himself relied on the materials during his testimony. *See, e.g.*, Sentencing Tr. 25:17-18; 174: 24-25, 176:7-177:3 (Sept. 26, 2018). The materials are plainly part of the sentencing record, whether they were formally marked as exhibits or not. In any event, in order to avoid further dispute, the government has concurrently filed a motion to supplement the record to add the binder of materials. As a matter of fairness, the government is entitled to a copy of the materials that the expert relied upon.

Defendant's second argument is that the court "lacks jurisdiction to alter its reasoning for the judgment on appeal." This is a red herring. The government is not requesting that the court reconsider any of its decisions, or alter the bases thereof. The government is simply requesting that the defendant be directed to comply with a valid order of the court. It is "well established" that "a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral

matters." *In re Schaefer Salt Rec., Inc.*, 542 F.3d 90, 98 (3d Cir. 2008); *Lauber v. Belford High Sch.*, 2012 WL 12994877, at *2 n.4 (E.D. Mich. Aug. 31, 2012) (noting that it is "well established" that "district courts retain jurisdiction, even after a notice of appeal is filed, to enforce an order already issued prior to the filing of the notice of appeal."); *see also N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). The court has the power to require that the defendant and his team comply with the court's order.

Defendant's third and fourth arguments are that the materials were not discoverable under Fed. R. Crim. P. 16(b)(1)(C) and Fed. R. Evid. 702. Again, defendant's argument misses the mark. Whether the materials were discoverable is irrelevant to the defendant's obligation to comply with the court's September 26, 2018 order. The court's order was indisputably a valid exercise of its discretion to ensure that the parties to the sentencing hearing had equitable access to the materials relied upon by the expert.[1]

Defendant's fifth argument appears to be that the government's request, which occurred promptly after the expert left the stand, was too late. Defendant cites no case law in support of this contention, and the government has found none. The court indisputably has discretion to order the defendant to provide to the government a copy

---

[1] To the extent that defendant suggests, without citation, that the materials were the expert's work product, he is incorrect. Any such claim was waived when the expert brought the materials with him to the stand and referenced them during his testimony. *United States v. Nobles*, 422 U.S. 225, 239 1975) (noting that by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony).

3

of the materials that he relied upon at the hearing. Upon issuance of that order, the defendant was required to follow it. The government is simply asking that the court direct defendant to comply with its valid order.

In summary, the defense expert made a decision to bring with him to the stand a set of materials that he believed supported his opinion. The defense expert then relied on those materials throughout the hearing. At the conclusion of the expert's testimony, the court rightly directed the expert to provide a copy of the materials to the government, which had requested those materials repeatedly. No one disputes the court's authority to issue that order. Defendant now claims that he is entitled to ignore the court's order. The government respectfully requests that the court reject defendant's claim and direct him and Hamilton to comply with the September 26, 2018 order.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

/s/ *Michael T. Donovan*
MICHAEL T. DONOVAN
CHRISTOPHER J. MANNION
Assistant United States Attorneys

Dated: October 29, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served by electronic filing on the court's Electronic Case Filing system on:

Hope Lefeber, Esquire at: hope@hopelefeber.com

*Attorney for defendant David Shulick*

I further certify that I caused a copy of the foregoing to be served by e-mail upon

Frederick Hamilton at: khamilton@glassratner.com

*Expert for defendant David Shulick*


   */s/ Michael T. Donovan*
Michael T. Donovan
Assistant United States Attorney


Dated:   October 29, 2018