IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| DAVID T. SHULICK | : | NO. 16-428 |

MEMORANDUM

Bartle, J.                                          March 13, 2023

      Before the court is the motion of defendant David T. Shulick to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

      Shulick was found guilty by a jury of: (1) conspiracy to embezzle funds from a school district (18 U.S.C. § 371); (2) embezzlement of funds from a school district (18 U.S.C. § 666(a)(1)(A)); (3) bank fraud (18 U.S.C. § 1344); (4) false statements (18 U.S.C. § 1014); and (5) three counts of filing a false income tax return (26 U.S.C. § 7206(1)).  On October 16, 2018, the court imposed concurrent five-year terms of imprisonment on the conspiracy, embezzlement, bank fraud, and false statements counts.  On the tax offenses, Shulick received a 20-month sentence on each to run consecutively with each other but concurrently with the sentences on the other offenses.  He was sentenced to three years of supervised release on all counts except the tax counts for which he was sentenced to one year on

each count.  In addition, the court imposed $20,000 in fines, $764,735 in restitution, and a special assessment of $700.  The Court of Appeals, with an extensive opinion, affirmed his convictions and sentences.  United States v. Shulick, 18 F.4th 91 (3d Cir. 2021).[1]  Shulick is currently on supervised release.

Shulick first claims his two trial counsel provided him ineffective assistance in violation of the Sixth Amendment to the Constitution.  His counsel had engaged a financial expert, Frederick Hamilton, and sought to call him during the trial.  Hamilton was a certified public accountant and a certified fraud examiner.  The Government objected, and the court refused to allow him to testify as an expert because defense counsel had failed to provide the Government with a written summary of his testimony as required under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.  Defense counsel later called him as a summary witness, but the court precluded him from further testimony when he began to veer into offering expert opinion.  The Court of Appeals specifically affirmed this court's ruling.  Id. at 106.  It is Shulick's claim that he was severely prejudiced by counsel's failure to

---

1.  The Court of Appeals initially handed down its opinion in April 2021.  See United States v. Shulick, 994 F.3d 123 (3d Cir. 2021).  The opinion found at 18 F.4th 91 superseded the earlier opinion.

comply with Rule 16(b)(1)(C) and present Hamilton's expert testimony before the jury.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), promulgated the standard by which courts should judge whether a defendant was deprived of effective assistance of counsel in violation of the Sixth Amendment to the Constitution.  First, the defendant must show that counsel's performance was deficient.  That means that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Id. at 687.  Second, a defendant must establish that the deficient performance prejudiced him or her.  The Supreme Court explained in this regard that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The ultimate focus "must be on the fundamental fairness of the proceeding." Id. at 696.  The court is not required to decide the two prongs of the standard for ineffectiveness if the defendant fails to prove one.  Id. at 697.

The facts, taken in the light most favorable to the Government, the verdict winner, are set forth in detail in the Court of Appeals opinion in Shulick, 18 F.4th at 97-98.  Suffice

it to say that Shulick, then a practicing attorney, owned the Delaware Valley High School Management Corporation, a for-profit company which had a contract in excess of $2,000,000 with the School District of Philadelphia to provide alternative education for two years to at-risk students at the School District's Southwest School.  The evidence established that he embezzled some of those funds for his personal use and allocated some of the funds designated for the Southwest School to other schools he was operating under contract with the School District.  He hired fewer teachers and provided them with smaller salaries and fewer benefits than required and failed to employ security personnel or a single counselor at the Southwest School.  He lied and directed his staff to misrepresent and conceal this fraud.  Of the over $2,000,000 he received for the Southwest School, he spent only $1,186,001 for that purpose.  This figure was confirmed at trial by Hamilton, his summary witness.  He also cheated on his income taxes by declaring personal expenses as business deductions.

Shulick prepared a lengthy affidavit with attachments in support of his pending § 2255 motion.  Shulick states at the beginning of the affidavit, "I was profoundly prejudiced at the trial due to my Counsel's ineffectiveness and [Mr.] Hamilton not being able to testify as to 'shared costs.'"  His affidavit is permeated throughout with statements describing Hamilton's

purported testimony about "shared costs," "shared expenditures," and "shared basis," that is, that the monies received by Shulick for Southwest School were shared with other schools he operated. Consistent with that affidavit, Shulick argues in his initial brief that Hamilton would have testified "about allocated expenses such as salary, insurance, furniture, supplies that was spent among the number of schools, including Southwest school." Since Shulick "owned" four alternative schools, Hamilton would purportedly have shown that these schools allocated and shared expenses and there was no misuse of funds. According to Shulick, had Hamilton testified the jury would have found that he had not "stolen, pocketed or embezzled" any funds.

Shulick attaches to his affidavit a document entitled "DVHS SW – Hamilton Expert Analysis and Testimony True Costs and Operational Requirements." It appears, although it is not entirely clear, that this is a document Hamilton prepared at some point in connection with his anticipated testimony. It has a column for "Budget Category"; a column for "Expense Detail and Explanation"; and a column for "Cost: Shared or Direct." All costs are shared in whole or in part for every budget category. This document is consistent with the position Shulick takes in his affidavit that the funds he received from the School District for the Southwest School were not all spent for the

Southwest School in accordance with the budget but instead shared with other schools he operated.

Even if Hamilton would have been allowed to testify as Shulick asserts, it would not have helped his defense.  The Court of Appeals held in Shulick that Shulick's misapplication of funds provided by the School District is a fraud under 18 U.S.C. § 666(a)(1)(A) even if the misappropriated money benefitted the school district.  18 F.4th at 106-08; See also United States v. Nagle, 803 F.3d 167 (3d Cir. 2015).  Thus, even if he had used funds designated for Southwest School for other schools he operated for the School District, such allocations would still constitute fraud in violation of § 666(a)(1)(A).

The Court of Appeals specifically affirmed the following instruction this court gave to the jury:

> To intentionally misapply money or property means to intentionally use money or property of the School District of Philadelphia, knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the wrongful use of the money or property for an unauthorized purpose, even if such use benefitted the School District of Philadelphia.

18 F.4th at 107-08.  In sum, it does not matter that Hamilton never testified.

Changing course from his initial brief, Shulick argues in his December 29, 2022 reply brief that Hamilton would have testified that all the monies designated for the Southwest School went to the Southwest School and not into Shulick's pocket for his personal use.[2]  After the court held oral argument in this matter, Shulick submitted a supplemental affidavit in which he stresses that Hamilton would have testified that the Southwest School received over $2,000,000 in expenditures during the relevant years.  He claims Hamilton would have testified that Shulick received and commingled revenue with other sources and that "100% of the 2MM of Southwest contract revenue was spent exclusively and completely on DVHS Southwest."

Finally, Shulick has now belatedly submitted an affidavit of Hamilton after oral argument in this matter. Hamilton confirms that he drafted for use at trial a table entitled "Southwest School Expenditures July 2020 to June 2012," which asserted that the expenditures for that school totaled

---

2.  Shulick asserts that the thrust of the Government's case dealt with defendant's embezzlement of funds that went into his pocket and not with misallocation of funds from the Southwest School to other entities of Shulick which were the subject of School District contracts.  The Government argued both.  The Court of Appeals properly stated, "At trial, the Government contended that Shulick took property entrusted to him under the Southwest contract and used it to pay other obligations he owed, including some under the Kelly Drive contract."  Shulick, 18 F.4th at 110.

$2,041,691. However, Hamilton further stated, "I do not agree in whole or part with and/or have any knowledge about many of the statements contained in" both of Shulick's affidavits.

Nothing in the affidavits of Shulick or Hamilton lends factual support to Shulick's theory that he did not misallocate any of the $2,000,000 contract revenue. Even if the table Hamilton prepared accurately reflects the amount of money spent at the Southwest School, it does not disprove the Government's theory that some of the funds under the School District contract were allocated to other facilities. The only support for Shulick's position is his own conclusory statements in his affidavit, which the court cannot credit at this stage. See, e.g., United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). The court also notes that Shulick's position is directly contradicted by Hamilton's actual testimony as a summary fact witness, in which he stated that only $1,186,001 of the over $2,000,000 provided by the School District for the Southwest School had been spent there. It would take an incredible act of verbal contortion for Hamilton to offer an expert opinion contrary to his trial testimony.[3]

---

3. Shulick's counsel advised the court at oral argument that Hamilton refused to provide an affidavit and therefore requested that the court compel Hamilton's presence at an evidentiary hearing. Our Court of Appeals has held that "conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United

Shulick cannot demonstrate that the exclusion of the expert testimony of Hamilton on shared or allocated costs constituted deficient performance of defense counsel since the evidence, even if admissible, would not likely have changed the outcome of the trial.  He has not established that in this regard his counsel were ineffective in violation of the Sixth Amendment.

Shulick further argues in support of his pending motion that the guilty verdict and the opinion of the Court of Appeals affirming his conviction contravenes the Supreme Court's opinion in Kelly v. United States, ____ U.S. ____, 140 S. Ct. 1565 (2020).  That case involved the abuse of power by several New Jersey and Port Authority of New York and New Jersey officials for causing traffic problems at the George Washington Bridge in retribution for the failure of the mayor of Fort Lee, New Jersey to support the reelection bid of the New Jersey governor.  The Supreme Court reversed their convictions under 18 U.S.C. § 666(a)(1)(A).  The Court held that the statute only prohibited fraudulent schemes for obtaining money or property.

---

States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).  To the extent that Shulick advances an exculpatory theory in his affidavits, the court finds that such allegations are merely conclusory and not supported by facts in the trial record or Hamilton's affidavit.  Therefore, Shulick has not demonstrated that an evidentiary hearing with Hamilton is necessary for the court to resolve his petition.

There, defendants' objective was not to obtain money or property. Rather, they had acted corruptly in abusing their regulatory power. Any financial loss was incidental.

Our Court of Appeals in Shulick thoroughly analyzed Kelly and held that it was inapposite. Contrary to Kelly, Shulick's objective had been to embezzle the School District's money or property. This satisfies the validity of Shulick's conviction under 18 U.S.C. § 666(a)(1)(A). Shulick, 18 F.4th at 107-111. A § 2255 motion is not the place to reconsider an issue squarely decided against the defendant by the Court of Appeals in this action.

Shulick further argues that his counsel were ineffective for failure to communicate with him about the need for further expert disclosures to the Government and this court's ruling on it. Even if counsel were deficient in this regard, there is not a reasonable probability that the outcome of the trial would have been different but for these lapses.

Finally, Shulick challenges counsel's failure to raise the issue of ineffective assistance of counsel on direct appeal. First, there was no constitutionally ineffective assistance of counsel to be raised. Furthermore, ineffective assistance of counsel is not a matter to be entertained on direct appeal to the extent the actions or inactions of counsel were not part of

that trial record.[4]  United States v. McLaughlin, 386 F.3d 547, 555 (3d Cir. 2004).

Accordingly, the motion of Shulick under 28 U.S.C. § 2255 will be denied, and no certificate of appealability will issue.

---

[4]. Shulick also contended that his counsel were ineffective for failing to call Robert P. Brennan as an expert. He has now withdrawn this claim. See Br. in Support of David Shulick's Habeas Corpus Pet. Filed Pursuant to 28 U.S.C. 2255 and in Opp'n to the Gov't's Br. to Dismiss, at 35.